J-S15011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                                              :

          v.                                       :
                                              :

CHARLES LEROY WOOD              : 
                                              :

        Appellant               :    No. 1343 MDA 2022

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000177-2022

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:               **FILED JUNE 13, 2023**

Charles Leroy Wood appeals from the judgment of sentence of three to ten years of incarceration, followed by three years of probation, imposed after Appellant entered a no-contest plea to one count each of incest of a minor and corruption of minors.  Counsel has filed an application to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

By way of background, Appellant was charged with rape of a child, incest of a minor, sexual assault, aggravated indecent assault of a child, endangering the welfare of children, indecent exposure, corruption of minors, and indecent assault of a person less than thirteen years of age based upon the abuse he levied against his seven-year-old daughter during his periods of partial physical custody of his minor children.  Appellant pled no contest to incest of

a minor and corruption of minors in exchange for dismissal of the remaining charges. Although Appellant's specific sentence was not part of the plea agreement, there was an agreement to standard range sentences and lifetime sexual offender registration. On September 1, 2022, the court sentenced Appellant to two to six years of incarceration for incest of a minor, followed by one to four years of incarceration for corruption of a minor. The court additionally imposed a consecutive, mandatory three-year period of probation for incest of a minor. *See* 42 Pa.C.S. § 9718.5(a) ("A person who is convicted of [among other things, incest of a minor,] shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court."). Appellant filed a post-sentence motion for reconsideration of his sentence, which was denied.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. In this Court, Appellant's counsel filed both an *Anders* brief and a petition to withdraw as counsel. As such, the following legal principles govern our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(cleaned up).  Our Supreme Court further detailed counsel's duties as follows:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Our examination of counsel's petition to withdraw and *Anders* brief reveals that, despite the brief's terseness and lack of structure, counsel has substantially complied with these technical requirements.[1]  Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"  *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, *supra* at 354 n.5).

---

[1] At the direction of this Court, counsel corrected his initial letter to Appellant wherein he had misadvised Appellant that he could ask this Court to appoint counsel to assist him in his appeal.

- 3 -

The sole issue counsel has identified that Appellant wishes to raise is that "his sentence was 'too harsh.'" ***Anders*** brief at 3. Appellant's attack on the alleged excessiveness of his sentence implicates the sentencing court's discretion. Thus, the following principles apply to our consideration of whether review of the merits of his claim is warranted. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." ***Commonwealth v. Samuel***, 102 A3d 1001, 1006-07 (Pa.Super. 2014). To determine whether an appellant has invoked our jurisdiction, we consider the following four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id***.

Here, Appellant filed a timely post-sentence motion and notice of appeal. Since we are considering this claim in the context of an ***Anders*** brief, counsel's failure to include a Pa.R.A.P. 20119(f) in the brief is not a fatal defect. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015) ("[W]e do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous."). Based upon Appellant's post-sentence motion, Appellant has raised a substantial question as to whether the trial court double-counted sentencing factors by considering the

victim's age and Appellant's parental status when those factors were elements of the crimes and therefore already accounted for in the offense gravity score.[2] *See Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa.Super. 2020) ("[A] claim that the court double-counted factors already considered in the sentencing guidelines raises a substantial question." (cleaned up)). Based on the foregoing, we have jurisdiction to consider the merits of this claim.

Our standard of review is well-settled. Since "sentencing is a matter vested in the sound discretion of the trial court[, it] will not be disturbed on appeal absent an abuse of discretion." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (cleaned up). Our review of the certified record reveals that the court sentenced Appellant within the standard range of the sentencing guidelines for each count and had the benefit of a PSI report. The court imposed the sentences at the top end of the standard ranges based upon the age of the victim and the serious nature of the offenses. Additionally, the court considered Appellant's relationship to the victim, in that as her father, Appellant was in a position of trust and "depended on for protection," but he nonetheless "took advantage of that child and exploited her for his own selfish reasons[.]" N.T. Sentencing, 9/1/22, at 7-8. In response to Appellant's allegation that this constituted impermissible double-counting of factors, the court elaborated in its Rule 1925(a) opinion as follows:

---

[2] We disagree with counsel's contention that Appellant cannot raise a substantial question. *See Anders* brief at 4. We do, however, agree with counsel's conclusion that the claim is meritless, as discussed *infra*.

Indeed, the age of victim would be considered in the corruption of minor offense gravity score in that the crime protects minors under the age of eighteen years of age. Thus a victim could be one day of age to seventeen years 364 days of age. Here, the victim was seven years of age. Given the range of ages, it is appropriate to take into consideration the age of the victim when considering sentence for the crime of corruption of minors. Appellant also asserts the court inappropriately considered that Appellant was the father of the victim. The crime of incest includes "an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood." 18 Pa.C.S. § 4302. Given the various relationships listed, it is appropriate to consider that the victim of incest was the seven-year-old daughter of Appellant.

Trial Court Opinion, 11/29/22, at unnumbered 3 (cleaned up).

We agree and discern no abuse of discretion in the trial court's imposition of standard range sentences. Furthermore, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues counsel failed to address.[3] *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Application of Jason G. Beardsley, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

_____

[3] We have conducted our review mindful of the fact that "upon entry of a [no-contest] plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/13/2023